UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LONGVIEW FIBRE PAPER & PACKAGING, INC., a Washington corporation,

Plaintiff,

v.

THE TRAVELERS INDEMNITY COMPANY, a Connecticut corporation; TRAVELERS CASUALTY AND SURETY COMPANY, a Connecticut corporation; and THE ST. PAUL TRAVELERS COMPANIES, INC., a Minnesota corporation,

Defendants.

Case No. C06-5666FDB

ORDER GRANTING STAY

Defendants move for a stay of this matter pending resolution of the application of the "first to file" rule in a previously filed action pending in the United States District Court for the District of Connecticut. These cases grow out of personal injury claims filed against Longview alleging use of asbestos at its production facilities as well as its alleged incorporation of asbestos into some of its products. Travelers, subject to a reservation of rights, agreed to provide a defense to Longview on these asbestos claims. Among the various disputes asserted in the Connecticut case are the following: whether some of the attorneys' fees incurred by Longview were reasonable and necessary; determination and recovery of unpaid "retrospective Premiums"; existence, terms, and conditions of certain policies alleged to have been issued by Travelers to Longview; and the coverage, if any, of the claims of a former employee. The Washington case does not refer to the issue of coverage as to the former employee by Workers Compensation and Employers Liability Policies. Regarding the "Retrospective Premiums," Longview simply maintains that Travelers seeks reimbursement for defense costs and other sums. Travelers Property Casualty Company of America, issuer of one of the policies alleged in the Connecticut action is not named in the Washington action.

ORDER - 1

1 Travelers argues that when the same dispute is the subject of two district court actions, the

2 "First To File" rule applies, and the "first filed" court decides the application of the rule. The Ninth

3 Circuit stated:

4 There is a generally recognized doctrine of federal comity which permits a district to decline jurisdiction over an action when a complaint involving the same parties and
5 issues has already been filed in another district. [citations omitted] Normally sound judicial economy would indicate that when two identical actions are filed in courts of
6 concurrent jurisdiction, the court which first acquired jurisdiction should try the lawsuit and no purpose would be served by proceeding with a second action .... As
7 we stated in *Church of Scientology*,

8 [T]he 'first to file' rule normally serves the purpose of promoting efficiency well and should not be disregarded lightly .... 611 F.2d at
9 750 (citations omitted).

10 *Pacesetter Systems, Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982). *Accord, Alltrade*

11 *Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 628 (9th Cir. 1991)(quoting *Pacesetter*). Cases in

12 other districts follow the rule. In *Ontel Products, Inc. v. Project Strategies Corp.*, 899 F. Supp.

13 1144, 1150 (S.D.N.Y. 1995), for example, the Court stated: "Case law indicates that the court in

14 which the first filed case was brought decides the question of whether or not the first filed rule or

15 alternatively, an exception to the first filed rule, applies."

16 In implementing the "first to file" rule, federal courts commonly stay the second filed action

17 to afford the court of the first filed action an opportunity to decide whether to keep the dispute. *See,*

18 *e.g., Alltrade and Ontel.* If the "first filed" court keeps the action, the "second filed" action can be

19 subsequently dismissed or transferred. If the "first filed" court does not keep the dispute, the stay in

20 the second filed action can be subsequently lifted.

21 Longview opposes the motion arguing that it has been made for purposes of delay and forum

22 shopping, and that Washington is the appropriate venue for resolution of this dispute. Longview also

23 states that in Seattle, before either case was filed, the parties participated in a day of mediation on

24 October 24, 2006 and that the Connecticut action was filed on that same day. Thus, Longview

25 argues that this Court should not defer to the first-filed Connecticut action because Longview is not

26 ORDER - 2

subject to jurisdiction in Connecticut and that Travelers engaged in tactical and unprincipled forum shopping. Moreover, Longview asserts that it is the aggrieved party and the rightful plaintiff in the dispute.

The Court concludes that it makes sense to let the district court in Connecticut proceed with the case and to determine the "first to file" issue and whether it will keep the action. It is the duty of the Connecticut court to determine the issue of whether it has personal jurisdiction over Longview Fibre, and Longview Fibre has put that issue before that court in its motion in that district.

ACCORDINGLY, IT IS ORDERED:

1. Defendants' Motion for Stay [Dkt. # 8] is GRANTED.

2. The dispute giving rise to this action is the subject matter of a previously filed action in the United States District Court for the District of Connecticut under Civil Action No. 306CV1689(SRU) ("Connecticut Action").

3. This action in the Western District of Washington is STAYED until the United States District Court for the District of Connecticut decides in the Connecticut Action whether it will hear the dispute in the Connecticut Action. If the Connecticut District Court decides to resolve the dispute in the Connecticut Action, this Court will entertain a future motion to Dismiss this action or to transfer it to the District of Connecticut. If the Plaintiff in this action does not seek to dismiss, stay or transfer the Connecticut Action, this Action shall remain stayed.

DATED this 22nd day of February, 2007

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 3